UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00367-DJH-LLK

LS ASSOCIATES, LLC     PLAINTIFF

v.

RUNCHERO CORPORATION, INC., *et al.*     DEFENDANTS

## OPINION AND ORDER

Judge Claria Horn Boom referred this matter to Magistrate Judge Lanny King for: (1) resolving all non-dispositive pretrial motions; (2) generally managing discovery, including resolving all discovery disputes and conducting any hearings other than the pretrial conference; (3) generally managing all pretrial scheduling issues, including altering any dates and/or deadlines, except deadlines for dispositive/Daubert motions, and the pretrial conference and the trial deadlines; (4) conducting a mid-discovery telephonic conference; and (5) conducting a settlement conference, if requested by the parties. [DN 7]. On December 21, 2020, it was reassigned from Judge Claria Horn Boom to Judge David J. Hale. [DN 53].

This matter is currently before the Court on a motion to quash. On June 9, 2020, Movants Runner Technologies, Inc. ("Runner Technologies"), and Runner Enterprises, Inc. ("Runner Enterprises"), (collectively "Movants") filed their respective motions to quash subpoenas duces tecum that Plaintiff LS Associates, in its Capacity as Receiver for the Assets of Saint Catharine College, Inc. ("LS Associates"), intended to issue to each of them. [DN 28, 29]. LS Associates responded, [DN 32], and filed a motion to seal portions of its response, including certain exhibits. [DN 30].[1] Movants then replied in support of their respective motions to quash. [DN 41, 42]. On October 6, 2020, this Court granted the motion to seal and ordered a sur-reply to Movants

---

[1] LS Associates' unsealed, redacted response may be found at DN 32 and the unredacted, sealed version at DN 31.

respective motions to quash to address the relevance of the subpoenaed documents at issue. [DN 44]. On October 20, 2020, Plaintiff filed their sur-reply. [DN 46]. The Motion is now fully briefed and ripe for adjudication.

For the reasons set forth herein, Movants' Motions to Quash, [DN 28, 29], are **GRANTED IN PART** and **DENIED IN PART.**

**Relevant Background**

This breach of contract case arose when Defendant Runchero Corporation allegedly breached its obligations to Plaintiff under the Asset Purchase Agreement, Cure Agreement, and Amendment to the Cure Agreement, and when Defendant Kevin Runner, individually, breached his Guaranty to Plaintiff. [DN 1].

The parties have since proceeded with discovery, including depositions and requests to produce documents. On April 14, 2020, Plaintiff served subpoenas to Movants requesting bylaws, articles of incorporation and organization, minutes of meetings, list of ownership interests, shareholder agreements, and all documents related to disposition of shares. [28-2, 29-2].

On April 29, 2020, Movants raised a number of objections to those subpoenas including: improper service, insufficient time given to comply with the subpoenas, overbreadth, undue burden, irrelevance, privilege, and confidentiality. [DN 28-3, 29-3]. LS Associates' counsel responded to the objection via a May 4, 2020, email, attempting to resolve some of Movants' more procedural objections, e.g. service of the subpoenas and the timing and method of document production. [DN 28-4, 29-4]. Movants then filed the instant motions to quash on June 9, 2020. [DN 28, 29].

As part of their motion, Movants argue that the subpoenas should be quashed because they seek information that is irrelevant to this action. *Id.* LS Associates' response argues that the subpoenaed documents are relevant as they relate to Defendant Kevin Runner's credibility and for future impeachment.

As raised by LS Associates, Defendant Kevin Runner testified that he couldn't recall whether he had ever owned shares of Runner Technologies, or whether he had transferred them if he had. [DN 31-2]. In 2018, this Defendant had submitted financial statements indicating he owned 100% of the outstanding common stock. *Id.* Similarly, the Defendant had previously represented himself as the owner and founder of both companies, yet in the deposition stated: "I don't own those businesses." [DN 31-2, 31-4].

LS Associates' response to the motions also argues, in part, that the subpoenaed documents are relevant because they relate to Defendants' impossibility defense. [DN 32]. On July 3, 2020, Defendant Runchero filed its notice of voluntary withdrawal of certain affirmative defenses; withdrawing its defenses of first breach and impossibility of performance. [DN 40]. Upon review of the briefing and notice of withdrawal, this Court determined that additional briefing would be useful in its review of these issues. [DN 44]. Accordingly, the Court ordered Plaintiff to file a sur-reply by no later than October 20, 2020, *Id.*, to which Plaintiff complied, [DN 46]. With that, Movants' Motions to Quash is fully briefed and ripe for adjudication.

**Discussion**

Plaintiff subpoenaed Movants requesting: (1) Movant's bylaws; (2) Movant's articles of incorporation; (3) Movants meeting minutes of the directors and/or officers; (4) lists of share ownership interest; (5) agreements of any shareholders; and (6) documents evidencing the transfer

of shares.  [DN 28-2, 29-2].  Movants ask this court to quash the requests; asserting that the information requested is irrelevant and creates undue burden.  [DN 28, 29]

Fed. R. Civ. P. 45 governs nonparty subpoenas and a court "must quash or modify a subpoena" that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018), *reh'g denied* (May 17, 2018), *cert. denied sub nom. New Prod. Corp. v. Dickinson Wright, PLLC*, 139 S. Ct. 289 (2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

The Plaintiff may obtain discovery of any non-privileged matter that is relevant to any issue in the case, so long as it is "proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).  So here, the Movants "seeking to quash a subpoena bear[] the ultimate burden of proof." *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D.Ohio 2011).  They face "the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007).

LS Associates assert that the financial information is relevant to the Defendant Kevin Runner's credibility and potential impeachment.[2]  [DN 31 at 9-10].  LS Associates also assert the general corporate documents are relevant but provide only reasons as to why the burden of discovery for such documents would be minimal. *Id.*  The Movants argue that, since they have

---

[2] LS Associates asserts that their reliance on Defendants assurances during the negotiation process ought to act as a secondary and independent reason for relevance.  [DN 46 at 3-4].  However, whether those assurances were true or false would not alter any reliance argument, should they forward one.

withdrawn their impossibility defense, both are entirely irrelevant. [DN 28-1 at 4, 29-1 at 4]. And that the credibility of Kevin Runner does not bear directly upon the claims to a breach of contract claim. *Id.* This is too narrow a construction of Rule 26(b). Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Albritton v. CVS Caremark Corp.*, No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Indeed, discovery is not limited to merely the claims or defenses themselves. So, while the general corporate documents do not meet the showing required to be produced, this Court rejects the assertion that a deponent's credibility is irrelevant.

Information concerning the credibility of deponents is both relevant and discoverable. FED. R. CIV. P. 26(b)(1) Advisory Committee's Note, 2000 Amendment; *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970). Specifically, Federal Courts in this district have found this type of information sufficiently relevant within the broad scope of 26(b)(1), particularly where they may testify at trial. *Barrentine v. Home Depot USA*, Inc., No. 3:07CV-315-JHM, 2009 WL 10681145, at *1 (W.D. Ky. Oct. 2, 2009). Other Courts have permitted the discovery of these materials as well. *See Harris v. U.S.*, 121 F.R.D. 652 (W.D. N.C. 1988); *U.S. v. Intern. Business Machs. Corp.*, 66 F.R.D. 215 (S.D. N.Y. 1974); *DaSilva v. Moore–McCormack Lines, Inc.*, 47 F.R.D. 364 (E.D. Pa. 1969).

As pointed out by Movants, non-party status is a relevant factor. [DN 28-1 at 4, 29-1 at 4]. When dealing with a non-party, "the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." *Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013). Though, even with heightened caution, the information sought ought to be turned over.

Indeed, the evasive and contradictory manner which Defendant Kevin Runner adopted prompts concerns of fraudulent intent. Here, Movants possess definitive information regarding his ownership. Thus, while the court is sensitive to the burden to Movants, that burden is minimal. Because the relevance to Kevin Runner's credibility is clear, the information is discoverable.

Finally, while Movants assert the materials requested are confidential, it is not clear to the court why this naked assertion ought to prevent discovery in this case. Thus, the Court concludes that Movants must produce documents relating to Kevin Runner's share ownership, any agreements he has made with shareholders, and any documents evidencing the transfer of his shares between January 1, 2017 and the present.

The requests as written are overly broad where they request general corporate governance documents and financial information of all shareholders. As discussed above, the Court sees no reason that these nonparties should be required to produce such information without a showing of relevance. Similarly, in so far as the financial documents are relevant to the credibility and impeachment of Kevin Runner, they ought to be produced, but where there is no connection to this Defendant, the Movants need not produce the documents.

The Court, having reviewed the parties' briefing in this matter, arguments from counsel, the record, and being otherwise sufficiently advised, **IT IS HEREBY ORDERED:**

The motions to quash are **GRANTED** with regard to their respective subpoena requests 1, 2, and 3 and **DENIED** with regard to subpoena requests 4, 5, and 6 as to the financial information relating to Kevin Runner only. [DN 28, 29].

**IT IS SO ORDERED**

February 12, 2021

**Lanny King, Magistrate Judge**
**United States District Court**